FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 29, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAUN L. ROCKSTROM,<br><br>                Plaintiff,<br><br>   v.<br><br>SPOKANE COUNTY, Washington; SAMUEL TURNER, Deputy; CHAD EATON, Deputy; MICHAEL KEYS, Deputy;<br><br>                Defendants. | NO: 2:18-CV-197-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment, ECF No. 8. Defendants Spokane County, Washington; Deputy Samuel Turner; Deputy Chad Eaton; and Deputy Michael Keys argue that they should be granted summary judgment on Plaintiff Shaun L. Rockstrom's excessive force and negligence claims. *Id.* A hearing was held in this matter on April 22, 2019. Mr. Rockstrom was represented by Richard D. Wall. Defendants were represented by Heather C. Yakely. The Court has considered the parties' arguments, the briefing, the record, and is fully informed.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

In early February of 2016 or 2017,[1] Plaintiff Shaun L. Rockstrom walked into a WinCo grocery store in Spokane Valley, Washington with a bag of tootsie rolls that he had purchased elsewhere. ECF No. 10-1 at 10. Mr. Rockstrom ate the tootsie rolls as he walked into the store. *Id.* This prompted one of the cashiers at the WinCo to approach Mr. Rockstrom and pat him down. *Id.* The WinCo employee's actions upset Mr. Rockstrom, and he told her to stop. *Id.* The employee then contacted the store's security, who asked Mr. Rockstrom to leave. *Id.* at 16. Mr. Rockstrom stepped outside the store. *Id.* at 17.

According to Mr. Rockstrom, within minutes, three police officers arrived at the store. ECF No. 10-1 at 17. The three police officers were Defendant Spokane County Deputies Samuel Turner, Chad Eaton, and Michael Keys. ECF No. 13 at 3–4. The deputies are employees of Defendant Spokane County, Washington, in the Spokane County Sheriff's Office. *Id.* at 1; ECF No. 11 at 1; ECF No. 12 at 1. The deputies attest that they were trained by Spokane County and acted in

---

[1] The date on which the events in question took place is unclear from the pleadings and the briefing. In the complaint, Mr. Rockstrom alleges that the events occurred on February 5, 2016. ECF No. 1-2 at 7. In their statement of material facts, Defendants claim that the events took place on February 5, 2017. ECF No. 9 at 4. In Mr. Rockstrom's statement of material facts, he claims that the events took place on February 6, 2017. ECF No. 18 at 1. One eyewitness alleges that the events took place on February 2, 2016. ECF No. 16 at 1.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

accordance with their experience and training when interacting with Mr. Rockstrom on the day in question. ECF No. 12 at 5.

The parties dispute what occurred in the interaction between Mr. Rockstrom and the deputies. Mr. Rockstrom alleges that one of the deputies approached him and asked for his identification. ECF No. 10-1 at 22. He claims that one of the deputies recognized him because he recalls one of them saying "Rockstrom, get out of here." *Id.* at 23. Mr. Rockstrom alleges that he tried to leave, but another deputy stopped him and asked again for Mr. Rockstrom's identification. *Id.* He states he heard one of the deputies tell another deputy to shut off the car camera. *Id.* at 23–24. Mr. Rockstrom also claims he heard one of the deputies say, "Punch him." *Id.* at 24. Following that, Mr. Rockstrom says that he only remembers being punched multiple times and falling to the ground. *Id.*

Jessica McLaughlin attests that she witnessed the interaction between Mr. Rockstrom and the deputies. ECF No. 16 at 1. She states that she saw the three deputies confronting Mr. Rockstrom outside the WinCo store. *Id.* at 2. She claims that she saw Mr. Rockstrom take two cards out of his pocket and throw them on the ground in front of the deputies. *Id.* She also states that she heard Mr. Rockstrom ask if he was under arrest, but none of the deputies responded. *Id.* She alleges that Mr. Rockstrom tried to walk away from the deputies. *Id.* At this moment, she claims that the deputies attacked Mr. Rockstrom, brought him to the ground, and held Mr. Rockstrom down while they punched him repeatedly in the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

head and face. *Id.* at 2–3. Ms. McLaughlin states that she never saw Mr. Rockstrom raise his fists, flail his arms, or make any aggressive movement toward the deputies. *Id.*

The deputies' account of the incident differs from the accounts told by Mr. Rockstrom and Ms. McLaughlin. The deputies allege that the loss prevention officer for WinCo told them that he had asked Mr. Rockstrom to leave the store three times because Mr. Rockstrom was swearing at employees, confronting security, and scaring customers. ECF No. 13 at 3. The deputies claim that when they engaged with Mr. Rockstrom, Mr. Rockstrom was clenching his fists as if preparing for a fight. ECF No. 11 at 2; ECF No. 12 at 4; ECF No. 13 at 4.

The deputies state that they approached Mr. Rockstrom, asked for his identification, and threatened to arrest him for trespassing if he did not comply. ECF No. 11 at 2; ECF No. 12 at 3; ECF No. 13 at 4. They allege that Mr. Rockstrom was very fidgety, which indicated that he was "under emotional distress, on drugs, or is attempting to hide something such as a weapon, or is planning an escape." ECF No. 11 at 2–3; ECF No. 12 at 3; ECF No. 13 at 3. The deputies state that Mr. Rockstrom took out his wallet, threw it either on the ground or at Deputy Eaton, and then tried to walk away with his fists up in front of him. ECF No. 11 at 3; ECF No. 12 at 3; ECF No. 13 at 4.

The deputies allege that Deputies Keys and Turner stepped in to take control of Mr. Rockstrom's arms while Deputy Eaton attempted to take control of Mr.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

Rockstrom's body. ECF No. 11 at 3; ECF No. 12 at 4; ECF No. 13 at 5. The resulting struggle caused everyone to fall to the ground. ECF No. 11 at 3; ECF No. 12 at 4; ECF No. 13 at 5. While on the ground, the deputies claim that Mr. Rockstrom actively resisted arrest by flailing his arms and kneeing and elbowing the deputies. ECF No. 11 at 4; ECF No. 12 at 4; ECF No. 13 at 6. The deputies allege that Deputy Eaton instructed Deputy Turner to hit Mr. Rockstrom as a distraction technique so that they could handcuff him. ECF No. 11 at 4; ECF No. 12 at 5; ECF No. 13 at 6. They claim that Deputy Turner's punches allowed them to gain control of Mr. Rockstrom and place him in handcuffs and leg restraints. ECF No. 11 at 4; ECF No. 12 at 6; ECF No. 13 at 6. Deputy Turner broke his hand as a result of one of his punches. ECF No. 12 at 7. Mr. Rockstrom was transported to a hospital in an ambulance and treated for head injuries. ECF No. 11 at 4.

Mr. Rockstrom filed a complaint against Defendants in Spokane County Superior Court claiming that Defendants are liable for excessive force, through 42 U.S.C. § 1983, and negligence. ECF No. 1-2 at 6–9. Defendants removed the case to this Court under federal question jurisdiction. ECF No. 1. Defendants now move for summary judgment on Mr. Rockstrom's claims. ECF No. 8.

## LEGAL STANDARD

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322–33 (1986). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 324.

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case. *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3 (internal quotations omitted).

The Court will not infer evidence that does not exist in the record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). "The evidence

of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**DISCUSSION**

Defendants argue that they are entitled to summary judgment on all of Mr. Rockstrom's claims. ECF No. 8. First, they argue that Mr. Rockstrom's section 1983 claim against Spokane County fails as a matter of law. *Id.* at 4. Second, they argue that the undisputed facts establish that the officers acted reasonably in response to Mr. Rockstrom's actions, showing that they did not use excessive force. *Id.* at 9. Third, they argue that Mr. Rockstrom's facts cannot support a negligence claim against the officers. *Id.* at 11.

*Constitutional Claim Against Spokane County*

The parties dispute whether Mr. Rockstrom's failure to train claim against Spokane County should survive summary judgment. ECF No. 8 at 4; ECF No. 17 at 15.

A municipal body, such as a county or city, cannot be liable for constitutional violations through section 1983 unless the municipality itself committed the constitutional violation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694–95 (1978). Essentially, municipalities are not liable for their employees' unconstitutional acts by way of respondeat superior or vicarious liability. *Id.* A municipality is only liable under section 1983 if (1) the constitutional violation resulted from a government policy, practice, or custom; (2) the person who

committed the harm was a person with final policy-making authority, meaning that the act itself constituted government policy; or (3) an official with final policy-making authority ratified the unconstitutional act. *Id.* A plaintiff must prove that one of the three *Monell* requirements is met to be successful in section 1983 litigation against a municipal body. *See Bd. Of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997).

The Supreme Court expanded on the policy, practice, or custom prong in *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). In that case, the Court held that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388. But the *Harris* standard is not met by "merely alleging that the existing training program for a class of employees, such as police officers, represents a policy for which the [municipality] is responsible." *Id.* at 389. The question is whether "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. "[T]he focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Id.* Proof of unsatisfactory or minimal training, alone, is not enough to find a municipality liable for the acts of an officer. *Id.* at 390–91. The plaintiff must prove

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

that "the identified deficiency in a [municipality's] training program [was] closely related to the ultimate injury." *Id.* at 391.

"Whether a local government entity has displayed a policy of deliberate indifference is generally a question for the jury." *Oviatt v. Pearce*, 954 F.2d 1470, 1478 (9th Cir. 1992). However, under *Harris* and its progeny, "one must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim." *Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008). This is an objective standard. *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1076 (9th Cir. 2016). "Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied." *Harris*, 489 U.S. at 396. A plaintiff alleging failure to train must prove that (1) the defendant was deliberately indifferent to the need to train the employees or the deficiencies in the employees' training; and (2) the lack of training or deficient training caused the constitutional violations. *Connick v. Thompson*, 563 U.S. 51, 59 (2011).

In his complaint, Mr. Rockstrom alleged that Spokane County was liable for his injuries because of its "failure to adequately train, supervise, and discipline officers within the Spokane County Sheriff's Department, which failure was a direct and proximate cause of injuries to Plaintiff." ECF No. 1-2 at 9. Defendants argue that Mr. Rockstrom's claim against Spokane County cannot survive

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 9

summary judgment because Mr. Rockstrom has no evidence of any training practices or procedures employed by the County for its deputies or any evidence showing a "deliberate indifference" to Mr. Rockstrom's constitutional rights. ECF No. 8 at 4. Mr. Rockstrom argues that a question of fact exists because "Defendants have brought forward no evidence that the use of close[d] fist strikes to the face and head under the circumstances presented here is contrary to the policy, custom or usage of the Sheriff's Department." ECF No. 17 at 15.

The parties' arguments center on how much evidence the nonmoving party must produce to survive judgment on an issue that it must prove at trial. Mr. Rockstrom must prove his claims at trial by a preponderance of the evidence. However, at summary judgment, the standard is less clear. If the evidence supporting a plaintiff's claim is "merely colorable" or "not significantly probative," then summary judgment is appropriate. *Anderson*, 477 U.S. at 242. Further, summary judgment is appropriate if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322. Only when there is a "complete failure of proof concerning an essential element" of the nonmoving party's claim should summary judgment be granted. *Id.* at 323. The district court judge determines whether the evidence presented would allow the jury to reasonably render a verdict in the nonmoving party's favor. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th

Cir. 2010). This analysis is completed while construing all disputed facts in the light most favorable to the nonmoving party. *Newmaker*, 842 F.3d at 1111.

At trial, Mr. Rockstrom must show by a preponderance of the evidence that Spokane County was deliberately indifferent to its failure to train or provided deficient training for its deputies and that the County's training caused the constitutional violations. *Connick*, 563 U.S. at 59. The Defendant deputies state that they punched Mr. Rockstrom in the head based upon their experiences and training. ECF No. 12 at 5. The deputies further attest that they were trained, and continue to be trained, by Spokane County and the Spokane County Sheriff's Department. ECF No. 11 at 5; ECF No. 12 at 3; ECF No. 13 at 1–2. Construing the facts in favor of Mr. Rockstrom, if Spokane County trains its deputies to use punches in the head against people for attempting to walk away from police after throwing down their identification cards, a reasonable jury could find that the training was deliberately indifferent to Mr. Rockstrom's constitutional right to be free from excessive force, and that the deliberate indifference of Spokane County caused the constitutional violations. *Connick*, 563 U.S. at 59. Accordingly, there is a genuine dispute of material fact for trial.

Defendants argue that Mr. Rockstrom cannot prove his claim against Spokane County because he failed to conduct any discovery on written policies or procedures on the County's training of its deputies in the Sheriff's Department. ECF No. 8 at 6–7. The judge's function at summary judgment is not "to weigh the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 11

evidence and determine the truth of the matter," it is "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. While Defendants argue that Mr. Rockstrom has not litigated his failure to train claim the same way that they would litigate the case if they were in his position, such an argument does not mean that Defendants are entitled to summary judgment on the failure to train issue. Plaintiff can rely on statements by the Defendant deputies to show that they followed their training by punching Mr. Rockstrom in the head in response to his behavior. ECF No. 12 at 5. If a jury adopts Mr. Rockstrom's version of events that the deputies punched him in the head for trying to walk away from the interaction rather than the deputies' version of events, the jury could find in favor of Mr. Rockstrom on the failure to train issue. *Connick*, 563 U.S. at 59. Therefore, Mr. Rockstrom has raised a genuine issue of material fact sufficient for Mr. Rockstrom's failure to train claim to survive summary judgment.

Defendants argued in their motion and at oral argument that Mr. Rockstrom "may not rely solely upon one incident," that is, he must show more than one instance in which Spokane County Sheriff Deputies used excessive force in a similar manner to prove his failure to train claim against Spokane County. ECF No. 8 at 7. Defendants cite *Alexander v. City and Cty. of S.F.* in support of this argument. *Id.* In that case, however, the Ninth Circuit did not hold that a plaintiff alleging a failure to train claim needed to show multiple violations of constitutional rights to prove failure to train; rather, the plaintiff must allege that the municipal

defendant's failure to train affected the entire program rather than just a single police officer. *Alexander v. City and Cty. of S.F.*, 29 F.3d 1355, 1367–68 (9th Cir. 1994). A municipality's failure to train a single employee "can only be classified as negligence on the part of the municipal defendant" rather than deliberate indifference. *Id.* at 1367. This is different from the requirement to plead and prove multiple incidents of police officers violating people's constitutional rights; Mr. Rockstrom needs to prove that Spokane County's training for its deputies was deliberately indifferent to the constitutional rights of people like Mr. Rockstrom. *Id.*

The Court finds that there is a sufficient showing that a genuine issue of material fact exists surrounding the deputies' training in using punches to control people. Therefore, summary judgment in favor of Spokane County is inappropriate on Mr. Rockstrom's failure to train claim.

*Excessive Force Claim Against The Police Officers*

The parties dispute whether Mr. Rockstrom's excessive force claim against the police officers should survive summary judgment. ECF No. 8 at 9; ECF No. 17 at 9.

Excessive force claims under section 1983 are analyzed under the Fourth Amendment's "objective reasonableness" standard, which requires the trier of fact to determine whether the officer's use of force was objectively reasonable considering the facts and circumstances confronting the arresting officers. *Graham*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

*v. Connor*, 490 U.S. 386, 387–88 (1989). The Ninth Circuit evaluates an excessive force claim in three stages. *Espinosa v. City & Cty. of S.F.*, 598 F.3d 528, 537 (9th Cir. 2010). First, the court should assess the severity of the officers' intrusion on the plaintiff's Fourth Amendment rights by evaluating the amount and type of force used. *Thompson v. Rahr*, 855 F.3d 582, 586 (9th Cir. 2018). Second, the court evaluates the government's justification for the use of force by assessing the severity of any alleged crime, whether the suspect posed an immediate threat to the safety of the officers or the public, and whether the suspect was resisting arrest or attempting to escape. *Id.* Third, the court balances the extent of the intrusion on the plaintiff against the government's justification for that intrusion. *Id.*

Defendants argue that they are entitled to summary judgment on Mr. Rockstrom's excessive force claim because he has no independent recollection of the events in question. ECF No. 8 at 10.[2] Without that independent recollection they claim that "he can provide no contradictory evidence." *Id.*

Defendants disregard the several ways that Mr. Rockstrom can prove his case without his own testimony. In response to Defendants' motion, Mr. Rockstrom produced video tapes of the incident and its aftermath in addition to eyewitness testimony from third parties. ECF Nos. 15 & 16. When there is

---

[2] Defendants do not argue that they are entitled to qualified immunity on the excessive force claim under section 1983.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 14

competing evidence on each side of the case claiming to prove different versions of the same event, a genuine dispute of material fact exists, and summary judgment is inappropriate. Fed. R. Civ. P. 56(a).

In response to the evidence proffered by Mr. Rockstrom, Defendants argue that Mr. Rockstrom's evidence is not credible. ECF No. 21 at 6. Because Mr. Rockstrom's eyewitnesses recount a different version of events from Defendants, Defendants argue that the eyewitnesses "simply chose not to acknowledge" the facts that are bad for Mr. Rockstrom's case. *Id.* at 7. Further, Defendants argue that because the eyewitnesses did not see every interaction between Mr. Rockstrom and Defendants, the eyewitnesses' testimony must be discredited. *Id.* However, at the summary judgment stage, the Court does not assess the credibility of the evidence. *Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). While Defendants argue that their version of the facts is to be believed, those arguments are best reserved for a jury.

Last, Defendants argue that Mr. Rockstrom has retained no expert to prove his excessive force claims. ECF No. 8 at 10. However, Defendants cite no case law that states that Mr. Rockstrom must prove his excessive force claim with expert testimony.

Defendants argue that the Court should credit the deputies' testimony as true and disregard the evidence provided by Mr. Rockstrom that differs from the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 15

deputies' account. However, the Court must construe the facts in the light most favorable to Mr. Rockstrom, the nonmoving party, without making credibility determinations. Accordingly, the Court finds that there are genuine issues of material fact that make Defendants' summary judgment on the excessive force claim inappropriate.

*Negligence Claim Against The Police Officers*

Defendants argue that the negligence claim against the deputies should be dismissed. ECF No. 8 at 11. Mr. Rockstrom did not respond to Defendants' arguments on negligence. *See* ECF No. 17.

In an action for negligence, a plaintiff must prove four elements: (1) the existence of a duty; (2) a breach of that duty; (3) a resulting injury; and (4) causation. *Ranger Ins. Co. v. Pierce Cty.*, 192 P.3d 886, 889 (Wash. 2008). The existence of a defendant's legal duty is a question of law. *McKown v. Simon Prop. Grp., Inc.*, 344 P.3d 661, 664 (Wash. 2015). "A duty may be predicated on violation of either a statute or common law principles of negligence." *Alhadeff v. Meridian on Bainbridge Island, LLC*, 220 P.3d 1214, 1222 (Wash. 2009).

Mr. Rockstrom indicated at oral argument that he has not abandoned his negligence claim. However, Mr. Rockstrom has not provided the Court with proof or even a proffer of an essential element of his negligence claim: the source of a duty owed by Defendants to Mr. Rockstrom. Mr. Rockstrom has not cited to any Washington case law or statute proving that municipalities and police officers have

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 16

a duty to avoid using excessive force against individuals. *See* ECF Nos. 1-2 & 17. Instead, counsel argued at oral argument that the jury could find that Defendants' actions did not rise to the level of a constitutional violation, but displayed enough carelessness to support a negligence claim. However, the existence of a legal duty supporting a negligence claim is a question of law for the court, not the jury. *McKown*, 344 P.3d at 664. Without further citation to case law or statute regarding the duty element, Mr. Rockstrom failed "to make a showing sufficient to establish the existence of an element essential to [his] case." *Celotex*, 477 U.S. at 322. Because of his "complete failure of proof concerning an essential element" of his negligence claim, summary judgment is appropriate on his negligence claim. *Id.* at 323.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, ECF No. 8, is **GRANTED in part** and **DENIED in part**.

///

///

///

///

///

2. Plaintiff's negligence claim against Defendants is **dismissed with prejudice**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** April 29, 2019.

*s/Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge